UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN ADMIRALTY

IN THE MATTER OF THE
COMPLAINT OF PHILIP
PFEFFER, AS THE OWNER OF
A 2019 BAYLINER 210, "ELLA,"      Case No. 8:25-cv-2155-MSS-CPT
HIN BLBX4186E919, FOR
EXONERATION FROM OR
LIMITATION OF LIABILITY
_____/

**ORDER APPROVING SECURITY, DIRECTING ISSUANCE OF MONITION, AND RESTRAINING PROSECUTION OF CLAIMS**

Before the Court is the Petitioner's *Motion to Approve Security and for Publication and Stay*. (Doc. 5). For the reasons discussed below, the Petitioner's motion is granted as described herein.

I.

Petitioner Philip Pfeffer is the owner of a 2019 Bayliner 210 named "Ella" (the Vessel) that was involved in a maritime incident in September 2024 (the Incident). (Doc. 1). According to Pfeffer, the Incident occurred when the forces of wind and wave during Hurricane Helene carried away the Vessel from where it was berthed at Pfeffer's residence and deposited it on the property of one of his neighbors, the Jannetides. *Id*. Pfeffer avers that the Incident resulted in significant damage not only

to the Vessel, but also to the Jannetides's residence, two boats moored at the Jannetides's home, and possibly a nearby lot owned by the federal government. *Id*. Pfeffer further alleges that he later sold the Vessel for $2,000 and that the total harm caused by the Incident could ultimately exceed $700,000. *Id*.

In August 2025, Peffer filed a complaint seeking to minimize his exposure to any liability arising from the Incident pursuant to the Limitation of Liability Act, 46 U.S.C. §§ 30501–30512, and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure (Supplemental Rule F). *Id*. Simultaneously with the submission of his complaint, Pfeffer filed the instant motion, along with both a verified Ad Interim Stipulation for Value (Stipulation) and a Letter of Undertaking (LOU),[1] the latter of which is signed by a representative of Progressive Express Insurance Company (Progressive) as security for any claims arising out of the Incident. (Docs. 2-2, 3-1, 5). Pfeffer represents in the Stipulation that the post-loss value of the Vessel is $2,000. (Doc. 3). In addition, Pfeffer—joined by Progressive—represents that Progressive will guarantee payment of any potential obligations in this action up to $2,000, inclusive of attorneys' fees, interest, and costs.

---

[1] LOUs are customarily offered by petitioners who opt to post security in lieu of depositing cash into a court's registry. *See In the Matter of Carpe Diem 1969 LLC*, 2018 WL 1463687, at *2 (D. V.I. Mar. 23, 2018) (stating that ad interim stipulations should require "at the very least" an LOU "executed by an appropriate surety" in order to "provide a guarantee of payment in line with the guarantee afforded by holding the vessel in trust") (citations omitted); *In re Nat'l Maint. & Repair, Inc.*, 2009 WL 3579161, at *1 (S.D. Ill. Oct. 27, 2009) ("'Approved security' includes [LOUs], as 'it has been the practice for many years in the maritime industry to accept [LOUs] given by underwriters, domestic or foreign, in order to avoid the detention of vessels and the expense of posting security in other forms.'") (quoting *Matter of Compania Naviera Marasia S.A., Atlantico*, 466 F. Supp. 900, 902 (S.D.N.Y. 1979)).

(Doc. 3-1). Based on these attestations, Pfeffer requests in his motion that the Court (1) approve the security; (2) enter an order of Publication and Stay under Supplemental Rules F(3) and F(4) precluding the further prosecution of any proceedings against Pfeffer stemming from any claims subject to limitation; and (3) issue a monition to all potential claimants.

II.

Upon due consideration of the matter, it is hereby ORDERED:

1. The LOU for the value of the Vessel in the amount of $2,000 filed by Pfeffer and Progressive is accepted as adequate security and is approved as to form and quantum.

2. Any claimant who may properly become a party hereto may contest the amount or value of Pfeffer's interest in the Vessel as fixed in the LOU; may move the Court for due appraisal of said interest; and may apply to have the amount of said interest increased or decreased, as the case may be, upon the Court's determination of the amount or value of said interest or to carry out 46 U.S.C. §§ 30501–30512 for personal injuries, property damage, or any other claims resulting from the Incident.

3. If the amount of the LOU is not disputed by any claimant, the LOU shall stand as a stipulation for value and an appraisal shall not be required.

4. The Clerk of Court shall issue the attached Monition advising and admonishing all persons or corporations asserting claims for any and all losses, damages, injuries, deaths, or destruction allegedly resulting from the Incident, to file their respective claims with the Clerk of Court, United States District Court for the

Middle District of Florida, located at 801 North Florida Avenue, Tampa, Florida 33602 **on or before December 1, 2025**, and to serve or mail copies thereof to Pfeffer's attorney, Eric C. Thiel of Banker Lopez Gassler, P.A., 501 East Kennedy Boulevard, Suite 1700, Tampa, Florida 33602-5241, or be defaulted. If any claimants desire to contest Pfeffer's right to exoneration from or limitation of liability, such claimants shall file and serve on Pfeffer's counsel an answer to the complaint on or before said date, unless their claims have included an answer to the complaint so designated or be defaulted.

5. The Notice of Monition in the form required by Supplemental Rule F and the Admiralty and Maritime Practice Manual shall be published in a newspaper of general circulation in the appropriate county or counties once a week for four (4) consecutive weeks prior to the date fixed for the filing of claims in accordance with Supplemental Rule F and the Admiralty and Maritime Practice Manual.

6. No later than the date of the second weekly publication, Pfeffer shall mail a copy of said notice to every person or corporation known by Pfeffer to have a claim against him arising out of the Incident set forth in the complaint. In addition, Pfeffer shall mail said notice to any decedent at the decedent's last known address and also to any person who shall be known to have made any claim on account of such death.

7. The commencement or further prosecution of any action or proceeding against Pfeffer, the Vessel, or other property of Pfeffer with respect to any claims for which Pfeffer seeks exoneration from or limitation of liability herein, including any claim arising out of or attendant to or connected with any loss, damage, injury, death,

or destruction, more fully described in the complaint, be and the same is hereby restrained, stayed, and enjoined until the hearing and determination of this action.

8.   Service of this decision as a restraining order in this District may be made in the usual manner as in any other federal district by the United States Marshal's delivery of a certified copy of this decision on the person(s) to be restrained or to their respective attorney(s), or—alternatively—by mailing a conformed copy of the decision to the person(s) to be restrained or to their respective counsel.

SO ORDERED in Tampa, Florida, this 24th day of September 2025.

*[signature]*
HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

Copies to:
Counsel of record